UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEORESINS INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. _____ |
| ASHLAND INC. d/b/a ASHLAND DISTRIBUTION COMPANY, | : |
| Defendant. | : 03 CV 12377 RCL |

MAGISTRATE JUDGE Alexander

## COMPLAINT AND JURY DEMAND

NeoResins Inc. ("NeoResins") brings this Complaint against Ashland Inc. for breach of warranty, breach of contract, and for violation of Mass. Gen. Laws c. 93A. As explained more fully below, Ashland Inc., through its division Ashland Distribution Company ("Ashland"), supplied a defective chemical product to NeoResins in violation of warranties arising by operation of law and expressly contained in an agreement between NeoResins and Ashland. Despite timely and adequate notice of its breach, Ashland has failed to take appropriate corrective action as required by the parties' agreement and the applicable provisions of the Uniform Commercial Code. NeoResins has suffered substantial damages as a result of Ashland's breach of contract and failure to take appropriate corrective action, including but not limited to over $150,000 of costs incurred in an attempt to rectify the total failure of Ashland's product. Even though Ashland expressly and impliedly warranted that the product at issue would conform with NeoResins' specifications and would be of merchantable quality and fit for the particular purpose for which NeoResins intended to use the product, Ashland has refused to acknowledge any liability whatsoever to NeoResins.

## THE PARTIES

1. NeoResins is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 730 Main Street, Wilmington, Massachusetts 01887. NeoResins is in the business of manufacturing waterborne technologies such as acrylic emulsions and polyurethane dispersions for application in water-based coatings and water-based printing inks.

2. Ashland Inc. is a corporation organized and existing under the laws of the State of Kentucky. Its division Ashland Distribution Company has its principal place of business at 5200 Blazer Parkway, Dublin, Ohio 43017. Ashland is in the business, among other things, of distributing chemicals, plastics and resins.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of costs, interest and attorney's fees.

4. Venue is proper under 15 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in Massachusetts.

## FACTUAL BACKGROUND

5. Ashland is a distributor of a chemical manufactured by the Dow Chemical Company known as Carbowax MPEG 750 ("Carbowax").

6. For approximately twelve years, NeoResins has used Carbowax as an ingredient in the manufacture of a chemical intermediate, which is a precursor to a NeoResins finished product. NeoResins' formula for the intermediate requires only three raw materials: Carbowax,

an aromatic isocyanate produced by the Bayer Corporation known as Mondur TDS/TDI ("Mondur"), and diethanolamine.

7.     On or about February 13, 2003, NeoResins sent Ashland a Purchase Order (the "Purchase Order") for Carbowax. The Purchase Order provides, in part, as follows:

> This purchase order constitutes an offer by Buyer from Seller, and becomes a binding contract on the terms set forth herein when accepted by Seller either by acknowledgment or the commencement of performance hereof. This order can be accepted only in accordnace with the terms hereof. Any additional or different terms contained in . . . other documents relating to this order are, in the event Seller accepts this order . . ., to be deemed null, void and of no effect in respect to the contract so arising.

8.     On or about February 18, 2003, Ashland delivered the Carbowax to NeoResins pursuant to the Purchase Order. The cost of the Carbowax to NeoResins was $18,058.07.

9.     At the time of the delivery, Ashland knew that NeoResins was seeking to purchase Carbowax for use in the manufacture of the chemical intermediate and that NeoResins was relying on Ashland to provide, as it had for the past twelve years, Carbowax suitable for this purpose.

10.    At no time did Ashland inform NeoResins in writing of any factor that could have affected the quality or characteristics of the Carbowax such as change of production facilities, process conditions or the raw materials used to produce it.

11.    On March 10, 2003, NeoResins attempted to manufacture a batch of chemical intermediate using the Carbowax purchased from Ashland in February, 2003. During processing in a stainless steel reactor, however, the batch of intermediate catastrophically gelled so that it became unfit for use.

12. On June 16 and 17, 2003, NeoResins again attempted to manufacture a batch of the chemical intermediate using the Carbowax purchased from Ashland. Once again, a catastrophic reaction occurred, rendering the batch of intermediate unfit for use.

13. To determine the cause of the catastrophic reactions, NeoResins' personnel undertook an extensive investigation of the batches of gelled intermediate, including performing analyses of batch samples as well as other chemical tests of the raw materials used in the process of manufacturing the intermediate. The results of the investigation indicated that the Carbowax, and not the Mondur or any error by NeoResins, caused the catastrophic reaction.

14. To test the conclusions drawn from the results of its investigation NeoResins hired Alpha Analytical Laboratories ("Alpha"), an independent laboratory, to analyze the Carbowax and to report the results. Alpha's chemists confirmed NeoResins' chemical analysis of the Carbowax.

15. Paragraph 7 of the Purchase Order provides, in part, as follows:

Seller [*i.e.*, Ashland] warrants the material [*i.e.*, Carbowax] will be of merchantable quality, will be free from defects and will be in accordance with specifications, drawings and/or other samples.

16. On or about August 12, 2003, NeoResins (i) notified Ashland by letter that the Carbowax purchased from Ashland caused the catastrophic reactions, (ii) demanded that Ashland reimburse NeoResins for the costs of the defective Carbowax, and (iii) demanded that Ashland indemnify NeoResins for the costs of investigating the cause of the catastrophic reactions as well as all labor, material and service costs.

17. Ashland has since rejected NeoResins demand for reimbursement for the cost of the defective Carbowax and for indemnification for the costs NeoResins incurred in investigating the cause of the catastrophic reactions.

## COUNT I
## BREACH OF CONTRACT
## (WARRANTY OF MERCHANTABILITY)

18.     NeoResins repeats and realleges the allegations contained in Paragraphs 1 through 17 above as if set forth fully herein.

19.     As described above, the Carbowax that Ashland sold to NeoResins was not in compliance with the warranty of merchantability, expressly granted by Ashland pursuant the Purchase Order and which arises by operation of law, in that the Carbowax, among other deficiencies, was not fit for the ordinary purposes for which such a good is used.

20.     NeoResins notified Ashland of its breach of the warranty of merchantability within a reasonable time after NeoResins discovered or should have discovered the breach.

21.     Ashland, however, has refused to take appropriate steps to cure the breach.

22.     As a result of the failure of Ashland's Carbowax to conform with the warranty of merchantability, NeoResins has suffered substantial damages.

## COUNT II
## BREACH OF CONTRACT
## (WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE)

23.     NeoResins repeats and realleges the allegations contained in Paragraphs 1 through 22 above as if set forth fully herein.

24.     The Carbowax sold to Neoresins by Ashland was not fit for the purpose for which it was required and thus was not in compliance with the warranty of fitness for a particular purpose which arises by operation of law.

25.     As a result of the failure of Ashland's Carbowax to conform with the warranty of fitness of a particular purpose, NeoResins has suffered substantial damages.

## COUNT III
## BREACH OF CONTRACT
## (NONCONFORMANCE WITH SPECIFICATIONS)

26. NeoResins incorporates by reference Paragraphs 1 through 25 above as if fully set forth herein.

27. Prior to the sale of the Carbowax at issue, specifications for the Carbowax were provided to Ashland by Neoresins.

28. Pursuant to paragraph 7 of the Purchase Order, Ashland warranted that the Carbowax conformed to the specifications.

29. As described above, Ashland's Carbowax did not conform to the specifications that NeoResins provided to Ashland.

30. The nonconformance of the Carbowax with the specifications incorporated by reference into Paragraph 7 of the Purchase Order is a breach of contract.

31. As a result of the Carbowax's nonconformance with the specifications incorporated by reference into Paragraph 7 of the Purchase Order, NeoResins has suffered substantial damages, including but not limited to those described above.

## COUNT IV
## VIOLATIONS OF MASS. GEN. LAWS C. 93A

32. NeoResins repeats and realleges the allegations contained in Paragraphs 1 through 31 above as if set forth fully herein.

33. By providing Carbowax which did not comply with the express and implied warranties made by Ashland and by failing and refusing, after being provided with notice thereof, to cure its breaches of warranty, Ashland engaged in unfair or deceptive acts or practices within the meaning of Mass. Gen. Laws c. 93A, § 2.

WHEREFORE, Neoresins requests that judgment enter in its favor and that it be awarded:

1. Its damages resulting from Ashland's breaches of contract;

2. Its costs of this action;

3. Its attorney's fees and treble damages pursuant to Mass. Gen. Laws c. 93A, § 11;

4. Such other and further relief as the Court deems appropriate.

## JURY DEMAND

NeoResins hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

NEORESINS INC.,

By its attorneys,

Marjorie Sommer Cooke (BBO# 097800)
Barbara Gruenthal (BBO# 544209)
COOKE, CLANCY & GRUENTHAL, LLP
150 Federal Street
Boston, MA 02110
(617) 428-6800

Dated: November 25, 2003